WM. McCORD HICKS et al., Appellants, v. S. B. WATSON et al.

Division Two, May 26, 1914.

1. **EJECTMENT:** Adverse Possession: Limitations: Widow's Quarantine. Where a defendant in ejectment, claiming under an administrator's deed, has been in adverse possession long enough for the Statute of Limitations to run in his favor, he will prevail against the heirs of the intestate, even though dower had never been assigned to intestate's widow, and her right of quarantine, had she or some one claiming under her been in possession, might have prevented the running of the statute against the heirs and in favor of one who claimed, as this defendant does not, under the widow.

2. ———: Order of Publication: Renewal of Order of Sale. The recital in the probate court's order of sale, that the order of publication made at a previous term had been duly published according to law, is presumed to be true in the absence of a showing to the contrary.

3. ———: ———: ———: Part of Land Sold. When after due publication an order of sale of real estate to pay debts has been made, and part of the land sold, a renewal of the order is sufficient for the sale of the remainder, without further publication.

4. ———: ———: ———: ———: Renewal Order. The fact that a renewal order of sale of lands to pay debts directs

Hicks v. Watson.

'the sale of all the lands included in the original order, whereas in fact a part of these lands had been sold under a prior order, does not invalidate the sale of the remainder under the renewal order.

5. ———: ———: ———: ———: Report of Sale: Presumptions as to Purchaser. Where the record entry approving the last sale does not show to whom the land was sold, nor describe it, it will be presumed, in the absence of a showing to the contrary, that the report showed that the land was sold to the person to whom a deed was immediately made.

6. ———: ———: Notice. In a proceeding in 1864 to sell lands to pay debts, notice in the order of publication to "all persons interested in the estate" of the facts required by Sec. 25, R. S. 1855, p. 145, was sufficient notice to the heirs, being the only notice then required by law.

Appeal from Greene Circuit Court.—*Hon. Alfred Page*, Judge.

AFFIRMED.

*Wright Bros.* for appellants.

*T. J. Murray* for respondents.

ROY, C.—This is a proceeding to quiet title to 180 acres of land. There was a judgment for the defendant.

James E. Hicks died intestate on January 23, 1863. He was at the time of his death in possession of, and claimed to own, the real estate in controversy. The plaintiffs are his heirs. His widow, Eliza J., died in 1911. James E. Hicks lived with his family on the land at the time of his death. On February 20, 1864, the administrator of his estate applied to the probate court for an order to sell all of his real estate to pay debts. An order of publication was made of record pursuant to the statute, returnable to the first day of the next May term to be held on the third Monday in May. On May 23, 1864, the order of sale was made,

describing the land and reciting that the order of pub-
lication made at the February term had been duly pub-
lished according to law. The order found all the facts
necessary to be found to justify such order. It di-
rected that the land be sold at public sale on the third
Monday in August next at the courthouse door in
Greene county while the probate court was in session.
That order was not executed and was renewed with-
out new application or notice at the August term, 1864,
directing a public sale on the first day of the next term
of the court. On May 23, during the May term, 1865,
the following record entry was made: "Now at this
day comes Elisha Headlee, Public Administrator, hav-
ing in charge the estate of said deceased and files here-
in his report of the sale of said real estate, which re-
port is by the court approved."

A deed was read in evidence from the administra-
tor to Francis M. Watson, dated May 29, 1865, which
recited that it was made pursuant to order of sale
made at the May term, 1864, and that the sale was
made on November 21, 1864, at public sale during the
session of said court. It conveyed the south 120 acres
of the land in controversy.

On December 23, 1865, at the November term, there
was a renewal of the order of sale as to all the land
in controversy. That order recited that the order of
publication made at the February term, 1864, had
been duly published according to law. It overlooked
the fact that 120 acres of the land had been sold by
the administrator to Watson, and directed that all the
land be sold at public or private sale on or before the
first day of the next term of the probate court.

On June 7, 1866, at the May term, 1866, the fol-
lowing record entry was made: "Now at this day
comes said administrator and files herein his report
of the sale of real estate, which said report is by the
court approved and said administrator ordered to be

charged with the sum of ($150) one hundred and fifty dollars."

A deed from the administrator to Mrs. E. J. Hicks was in evidence conveying the north sixty acres of the land in controversy, reciting that it was made pursuant to the order made at the November term, 1865, and that the land was sold at public sale on Monday, February 19, 1866.

On October 8, 1868, Mrs. E. J. Hicks conveyed the north sixty acres of the land in controversy to Francis M. Watson, who had purchased the other part of the land as above stated. The defendant claims through mesne conveyances from Francis M. Watson, and he and those under whom he claims have been in possession ever since the sale of the land by the administrator.

Defendant put in evidence receipts given to the administrator for the costs of publishing the order of publication and for publishing notices of the sale of real estate.

There was evidence for defendant tending to show that the east eighty acres of the land in controversy did not belong to James E. Hicks, but as we have concluded that whatever title James E. Hicks had has vested in the defendant, we will not set out that evidence. There was a plea of the ten-year Statute of Limitations.

I. As to the south 120 acres of the land the plaintiffs are barred by the Statute of Limitations; and we shall not decide whether the deed to Francis M. Watson from the administrator was valid. Plaintiffs claim that as dower had never been assigned to the widow, her right of quarantine prevented the running of the Statute of Limitations against the heirs. It is true that where the widow or some one claiming under her is in possession under her quarantine

Ejectment.

Limitations:
Widow's
Quarantine.

right, the heirs cannot be barred by adverse possession. [Graham v. Stafford, 171 Mo. 692; Carey v. West, 139 Mo. 1. c. 176.] But the defendant does not claim the south 120 acres under the widow. He claims under the administrator's deed. Whether that deed is valid or not the Statute of Limitations has run in his favor. [Agan v. Shannon, 103 Mo. 661.]

II. As to the remaining sixty acres, we hold that the administrator's deed to Mrs. E. J. Hicks was valid and conveyed all the title that her husband owned at his death.

The recital of the fact that the order of publication made at the February term, 1864, had **Sale to** been duly published according to law, is **Pay Debts:** **Publication.** presumed to be a fact in the absence of any showing to the contrary. [Agan v. Shannon, supra.]

The order of sale made at the November term, 1865, on December 23, was nothing more than a second renewal of the order of sale made at the **Renewal** May term, 1864, based on the order of pub**Order.** lication made at the February term, 1864. No new application or order of publication in such case was necessary. [Brown v. Marshall, 241 Mo. 707.] It is true that a sale, or an attempted sale, had been made of a part of the land to Francis M. Watson, and the last renewal order overlooked such fact and ordered the sale of all the land. The whole includes all its parts; and the order was good as to the land which had not been previously sold. The record entry approving the last report of sale does not **Presumptions.** show to whom the sale was made nor does it describe the land. A deed was made immediately to Mrs. E. J. Hicks for that part of the land which was not sold at the first sale. In the absence of a showing to the contrary, we will presume that the

report showed that Mrs. Hicks purchased the land which was conveyed to her.

III.   Appellants make the point that the heirs of James E. Hicks were not mentioned or notified in the proceedings.   The order of publication noti-

Notice.

fied "all persons interested in the estate" of the said deceased of the facts required by Revised Statutes 1855, page 145, section 25.   That was the only notice then required by law.

The judgment is affirmed.   *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court.   All the judges concur.